IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE HOWARD BRYANT, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | No. 3:17-CV-3121-C (BT) |
| § | |
| WELLS FARGO BANK, N.A., et al., § | |
| § | |
| Defendants. § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action are a Motion to Dismiss [ECF No. 16], filed by Defendants Wells Fargo Bank, N.A., Gabriel Paiz, Dustin Adams, Sharon Hopkins, Tanya De Lucas, and Emona Rons, as well as several motions filed by Plaintiff Bruce Bryant: including a First Motion for Summary Judgment [ECF No. 28] and a Motion to Release Parties [ECF No. 29]. For the reasons stated, Plaintiff's Motion to Release Parties and Defendants' Motion to Dismiss should be GRANTED and all of Plaintiff's claims and causes of action should be DISMISSED without prejudice. Plaintiff's remaining motions should be DENIED.

## **Background**

As best the Court understands Plaintiff's Complaint, this is a breach of contract case brought by Plaintiff, as the Trustee of Ark-Dimension 5 Trust ("Ark-

1

Dimension"), and on behalf of Metatron International Trust ("Metatron") against Wells Fargo Bank, N.A. ("Wells Fargo") and several of Wells Fargo's employees.[1] *See* Compl. 1-2 [ECF No. 3]. Plaintiff alleges that Defendants "received and accepted Plaintiff's Registered Promissory Notes[,]" but that "Defendants did not return the Registered Promissory Notes within the contracted timelines of seventy-two hours and or did not dishonor by siting [sic] defects of the instrument in writing within 10 days." *See* Compl. 2; *see also id.* 5. Plaintiff further alleges that "Defendants has [sic] not credited the Plaintiffs pre-defined bank account as originally contracted." *See* Compl. 2. Plaintiff contends that Defendants conduct constitutes a breach of contract, for which he suffered "a loss of property." *See* Compl. 6. By this lawsuit, Plaintiff seeks "face value of the Promissory Notes, liquidated damages, attorney fees, and all other relief permitted." *See* Compl. 2. More specifically, Plaintiff requests $16 million in damages and $48 million in treble damages. *See* Compl. 7-8.

Defendants have filed a Motion to Dismiss under Rule 12(b)(6) on the ground that Plaintiff fails to allege facts sufficient to establish a plausible cause of action against Defendants. *See* Mot. to Dismiss 1 [ECF No. 16]. Plaintiff filed a written response; and, Defendants filed a reply.

---

[1] Plaintiff's Complaint does not allege how Plaintiff is authorized to act on behalf of Ark-Dimension and Metatron.

After the Motion to Dismiss was fully briefed and ripe for determination, Plaintiff filed, among other things, a First Motion for Summary Judgment [ECF No. 28], and a Motion to Release Parties [ECF No. 29]. Plaintiff's Motion to Release Parties is a request to dismiss certain individual defendants from this lawsuit, amd his First Motion for Summary Judgment appears to be a traditional no-evidence motion for summary judgment. These matters also are fully briefed and ripe for adjudication.

## Motion to Release Parties

Plaintiff's Motion to Release Parties states, in its entirety: "[t]he following Defendants are released from this matter without prejudice, Gabriel Paiz, Sharon Hopkins, Tanya De Lucas, [and] Emona Rons." *See* Mot. 1 [ECF No. 29]. Defendants filed a response to Plaintiff's Motion, stating that—while they do not oppose the dismissal of any party or this action—they request that any dismissal of the individual defendants be *with prejudice*, in light of their pending Rule 12(b)(6) Motion to Dismiss. *See* Resp. 1 [ECF No. 32]. The Court should construe Plaintiff's Motion to Release Parties as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a).

Rule 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P.

3

41(a)(1). In this case, none of the Defendants identified in Plaintiff's Motion to Release Parties has filed an answer or motion for summary judgment. Although these Defendants have filed a Rule 12(b)(6) motion to dismiss (ECF No. 16), the Fifth Circuit has been very clear that Rule 41(a)(1)(A)(i) means "precisely what it says"—"only the filing of an answer or motion for summary judgment terminates the plaintiff's unilateral right to dismiss the action by notice." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973-74 (5th Cir. 2015) (per curiam) (citations and internal quotation marks omitted). "An argument that a filing short of an answer or a motion for summary judgment joins the merits of the case, has consumed significant resources or effort, or is sufficiently equivalent to a motion for summary judgment, will not be heard." *Id.* at 974.

Plaintiff is therefore entitled to voluntarily dismiss his case against Defendants Paiz, Hopkins, De Lucas, and Rons. Indeed, a proper Rule 41(a)(1)(A)(i) notice of dismissal is "self-effectuating" and terminates the case without the need for further order or other action by the district court. *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (quoting *In re Amerijet*, 785 F.3d at 973). "Thus, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Id.* Plaintiff's stipulation of dismissal as to Defendants Paiz,

4

Hopkins, De Lucas, and Rons is effective despite the fact that the case would remain pending against Defendants Wells Fargo and Dustin Adams. *See Plains Growers, Inc. By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) (concluding that the rules governing dismissal permit dismissal against some parties, even if the case might remain pending against other defendants). Finally, as provided by Plaintiff's Motion, the dismissal of his claims against the four individual defendants is *without prejudice.* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

To the extent Plaintiff's Motion to Release Parties could be construed as a motion under Fed. R. Civ. P. 41(a)(2), the Motion should be granted. Rule 42(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 42(a)(2). Under controlling Fifth Circuit precedent, voluntary dismissals should be freely granted; however, a plaintiff's request may not be allowed if the non-moving party will suffer "plain legal prejudice." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012). Plain legal prejudice may arise when "the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the

5

defendant of a limitations defense." *Id.* Conversely, plain legal prejudice does not include "the mere prospect of a second suit or the mere incursion of expense." *Id.* The primary purpose of the rule permitting the court to deny a request for voluntary dismissal is to avoid dismissals which unfairly affect the other side. *Id.* Where the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. *Id.* Appropriate conditions may include dismissing the suit with prejudice. *Id.*

Here, Defendants do not oppose dismissal of Defendants Paiz, Hopkins, De Lucas, and Rons. Rather, their only objection is that any dismissal should be with prejudice "in light of Defendants' pending Motion to Dismiss pursuant to Rule 12(b)(6)." Resp. 1 [ECF No. 32]. That there is a pending motion to dismiss, however, does not establish plain legal prejudice. Even if the Court grants the Motion to Dismiss—as herein recommended—Plaintiff's claims should be dismissed without prejudice.

## Motion to Dismiss

The Court considers Defendants' Rule 12(b)(6) Motion to Dismiss as to the remaining defendants, Wells Fargo and Dustin Adams. Defendants seek to dismiss Plaintiff's claims on the ground that Plaintiff has failed to allege facts sufficient to state a plausible claim for relief.

6

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690,

7

696 (5th Cir. 2005)). In addition, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

    "On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or

(2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201(b)).

Here, Plaintiff's Complaint does not include any factual allegations against any of the individual defendants, including Dustin Adams. Indeed, Plaintiff does not allege that Defendant Adams ever entered into any contracts or agreements with Plaintiff or that he personally engaged in any wrongful conduct in connection with any transaction at issue. Plaintiff has thus wholly failed to allege facts sufficient to state a claim against Defendant Adams.

Plaintiff also fails to state a valid breach of contract claim against Wells Fargo. *See* Defs.' Br. 3. In order to "prevail on a breach of contract claim under Texas law, [Plaintiffs] must show: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendants; and (4) damages sustained by the plaintiff as a result of the breach.'" *Anderson v. Wells Fargo Bank, N.A.*, 2018 WL 3426269, at *14 (N.D. Tex. Jul. 13, 2018) (quoting *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003)).

Plaintiff failed to plead facts that support any of the required elements for a breach of contract claim. Plaintiff failed to identify any contract or agreement between Plaintiff and Wells Fargo. To the extent Plaintiff purports to bring his claims under an account agreement with Wells Fargo Bank, Plaintiff has failed to

9

identify which entity had an agreement with Wells Fargo Bank or specify that any section of an account agreement was allegedly breached. Plaintiff further failed to plead any facts showing that he, or the trust entities, complied with the terms of any contract or pleaded facts supporting causation or damages. Plaintiff's Complaint thus falls woefully short of the pleading requirements set forth in Rules 8(a) and 12(b)(6). Defendants are therefore entitled to dismissal of Plaintiff's claims and causes of action.

Defendants requests that Plaintiff's claims be dismissed with prejudice. *See* Mot. 1. The Fifth Circuit has recently affirmed that district courts should generally offer a *pro se* litigant at least one opportunity to amend his complaint before it is dismissed. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). However, granting leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* "A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint." *Id.* In this case, Defendants' Motion and these Findings, Conclusions, and Recommendation represent the first time Plaintiff has been apprised of the insufficiency of his Complaint. On this record, the Court does not find that Plaintiff has pled his best case, such that dismissal with prejudice would be appropriate. Accordingly, the Court should dismiss Plaintiff's claims without

10

prejudice.

## Plaintiff's Motion for Summary Judgment

In view of the recommended disposition of Plaintiff's claims, his summary judgment motion is premature. Accordingly, the Court should DENY Plaintiff's First Motion for Summary Judgment [ECF No. 28].

## Recommendation

The Court should GRANT Plaintiff's Motion to Release Parties [ECF No. 29] and Defendants' Motion to Dismiss [ECF No. 16], and DISMISS without prejudice all of Plaintiff's claims and causes of action. The Court should allow Plaintiff 21 days from the date of any order accepting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that if Plaintiff fails to do so, all of his claims will be dismissed with prejudice without further notice.

In view of the recommended disposition of Plaintiff's claims, the Court should DENY Plaintiff's First Motion for Summary Judgment [ECF No. 28].

SO RECOMMENDED.

August 23, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).